## JAMES TRABUE, ET AL., *v.* ISA G. GROVER AND PARKER.

**Attorneys—Collections Not Paid Over—Agency.**
> A petition against attorneys for money collected by them and "for the further reason that they had not used due diligence as attorneys," is not sufficiently specific to authorize a recovery for damages on account of negligence.

**Agency.**
> Where attorneys receive accounts for collection and place them in the hands of another to collect, such other person becomes the agent of such attorneys; and if he collects money thereon and fails to pay it over, such attorneys become liable to pay the same to the owner.

APPEAL FROM OWEN CIRCUIT COURT.

September 24, 1874.

OPINION BY JUDGE LINDSAY:

Appellants sued appellees for moneys collected as attorneys at law. The concluding paragraph of the petition, in which it was stated that if any of the claims placed in appellees' hands had not been collected it was "for the reason that they had not used due diligence as attorneys," was not sufficiently specific to authorize a recovery for damages accruing on account of culpable negligence in that regard; and it was in effect an admission that some portion of the claims had not been collected. Under their pleadings, therefore, appellants could only recover for moneys actually collected, and not, upon that basis, for the full amount of the claims placed in appellees' hands. The judgment in effect determines that appellees collected no greater amount than by their answer they in terms admit they had collected.

This was error. The execution book shows that the sheriff collected the debt of $152 against Stephens, and the debt of $78 against Smith. The deputy sheriff, who was put upon the witness stand by appellees, swore that he had paid the money collected on these judg-

ments over to someone, and that the payments were not made to any of the appellants. Parker admits that he collected some amount from this deputy but does not recollect the amount. This proof, coupled with the fact that appellees have taken no steps to coerce the money out of the sheriff's hands, was sufficient to authorize the court to charge them with the amount of said two debts. Parker says that he placed the debt against Robertson in the hands of T. N. Lindsay, an attorney of Franklin county. The proof is clear and conclusive that this debt was paid in full to Lindsay, who was Parker's agent. No attempt is made by appellees to show what Lindsay did with the money. The presumption that it was paid over by him to one of them is so strong that a court is compelled to act upon it. But if it were not, as Lindsay was their agent, a payment to him will be pleaded as a payment to them. The testimony fails to establish the collection of any other claims, but appellees must be charged with the amounts admitted by them, and also with the debts against Stephens, Smith and Robertson's estate. There is no denial of appellees' claim for fees; and besides, it is supported by proof. It should be allowed them as a credit against the additional amounts herein directed to be charged against them. Judgment *reversed* and cause remanded for a judgment conformable to this opinion.

*S. F. J. Trabue, for appellants.*
*A. P. Grover, for appellees.*